UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHINGLE SPRINGS BAND OF MIWOK INDIANS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITE HERE INTERNATIONAL UNION,<br><br>　　　　　　Defendant. | No. 2:16-cv-01057-TLN-EFB<br><br>**ORDER** |

This is a lawsuit seeking declaratory relief regarding the arbitrability of a labor dispute and the legality of an agreement between a labor union and an employer. The matter is before the Court on Defendant UNITE HERE International Union's ("the Union") Motion to Dismiss. (ECF No. 9.) Plaintiff Shingle Springs Band of Miwok Indians ("the Tribe") opposes the motion. (ECF No. 13.) For the reasons set forth below, the Union's motion is hereby GRANTED.

**I.　BACKGROUND**

The parties and the Court are familiar with the facts. This case is related to another lawsuit before this Court—*Unite Here International Union v. Shingle Springs Band of Miwok Indians*, No. 2:16-cv-00384-TLN-EFB—and the cases present substantially identical issues.

The related case was a lawsuit seeking to compel arbitration of a dispute between the parties about whether the Tribe violated a neutrality clause in a memorandum of agreement

1

("MOA") the parties entered regarding labor organizing at a casino the Tribe owns and operates. (Pet. to Compel Arbitration at 1:21–28, *Unite Here Int'l Union v. Shingle Springs Band of Miwok Indians*, No. 2:16-cv-00384-TLN-EFB (E.D. Cal. Feb. 22, 2016), ECF No. 2.) The Tribe opposed arbitration in that case. In a recent order, the Court granted the Union's motion for judgment on the pleadings and ordered the parties to arbitrate in the first instance whether their underlying dispute is arbitrable. (Order at 4:13–19, 5:9–13, *Unite Here Int'l Union v. Shingle Springs Band of Miwok Indians*, No. 2:16-cv-00384-TLN-EFB (E.D. Cal. July 12, 2017), ECF No. 25.) The Tribe filed this lawsuit while the related case was pending, in an apparent attempt to gain a procedural advantage in the related case. The Tribe seeks declaratory relief here pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

**II.   DISCUSSION**

The Tribe seeks declaratory relief regarding three issues: (1) whether its dispute with the Union is arbitrable under the MOA, (2) whether that arbitration would violate federal law, and (3) whether a remedy the Union may ask the arbitrator to award violates federal law. (Compl. 9:12–19, ECF No. 1.) The Union moves to dismiss this lawsuit for three reasons, one of which the Court addresses here: whether the Court should exercise its discretion to decline jurisdiction over this lawsuit. (ECF No. 9 at 1:2–24.)

The Court enjoys "discretion in determining whether and when to entertain an action under the Declaratory Judgment Act." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). In the exercise of that discretion, the Court weighs "concerns of judicial administration, comity, and fairness to the litigants." *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir. 1994) (quoting *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991)). And in weighing those concerns, the Court considers a variety of factors including "whether the declaratory action will settle all aspects of the controversy [and] whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue[,]" as well as "the availability and relative convenience of other remedies." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 n.5 (9th Cir. 1998) (en banc).

Here, those factors counsel the Court to decline jurisdiction over the Tribe's lawsuit. This

lawsuit breaks no new ground on the first issue—whether the parties' dispute is arbitrable—because the Court recently issued an order in the related case ordering the parties to arbitrate arbitrability. (Order at 4:13–19, 5:9–13, *Unite Here Int'l Union v. Shingle Springs Band of Miwok Indians*, No. 2:16-cv-00384-TLN-EFB (E.D. Cal. July 12, 2017), ECF No. 25.) Any judicial resolution of the first issue here would be entirely duplicative. The Court also concludes it would be unwise to resolve the second and third issues—whether arbitration or a particular arbitral award would violate federal law—in this context. The second and third issues may never crystallize because their need for judicial resolution presupposes that the arbitrator will conclude the parties must arbitrate their underlying dispute. That outcome is uncertain at this juncture.[1] Thus, this lawsuit will not "serve a useful purpose in clarifying the legal relations at issue." *Dizol*, 133 F.3d at 1225 n.5. At bottom, all the issues presented have been, or can be, better resolved elsewhere.

### III. CONCLUSION

For the foregoing reasons, the Union's motion (ECF No. 9) is hereby GRANTED.

IT IS SO ORDERED.

Dated: 7/12/2017

Troy L. Nunley
United States District Judge

---

[1] Indeed, the Union argues that the second and third issues are non-justiciable because they are unripe. (ECF No. 9 at 9:7–12:20.) The Court finds it unnecessary to resolve that issue because the Court declines jurisdiction in any event.