UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHINGLE SPRINGS BAND OF MIWOK INDIANS,<br><br>Plaintiff,<br><br>v.<br><br>UNITE HERE INTERNATIONAL UNION,<br><br>Defendant. | No. 2:16-cv-01057-TLN-EFB<br><br>**ORDER** |

This matter is before the Court on Plaintiff Shingle Springs Band of Miwok Indians's ("the Tribe") Motion to Stay. (ECF No. 20.) Defendant UNITE HERE International Union ("the Union") opposes this motion. (ECF No. 24.) The Court has carefully considered the arguments raised by the parties. For the reasons set forth below, the Tribe's Motion to Stay is DENIED.

**I.   ANALYSIS**

The parties and the Court are familiar with the facts of this case. This case is related to another case before the Court — *Unite Here International Union v. Shingle Springs Band of Miwok* Indians, No. 2:16-cv-000384-TLN-EFB ("the Related Case") — and the issues presented are substantially identical, with one crucial exception relevant here (discussed in more detail below). Accordingly, the Court need not set forth the factual and procedural background in detail. This Court's July 12, 2017 Order ("the July 2017 Order") (ECF No. 18) resulted in the

judgment that the Tribe seeks to stay pending the outcome of its appeal. Before proceeding, the Court will briefly set forth the applicable standard of review.

A stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal quotation marks and alterations omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id*. at 433–34. "The fact that the issuance of a stay is left to the court's discretion does not mean that no legal standard governs that discretion." *Id*. at 434 (internal quotation marks omitted). "A party seeking a stay must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tip in his favor, and that a stay is in the public interest." *Humane Soc. of U.S. v. Gutierrez*, 558 F.3d 896, 896 (9th Cir. 2009) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

In other words, the "factors [that] inform . . . the decision to stay pending appeal . . . are essentially the same as [those] applicable to a motion for a preliminary injunction[.]" *Morgan Tire of Sacramento, Inc. v. Goodyear Tire & Rubber Co.*, No. 2:15-CV-00133-KJM-AC, 2015 WL 3623369, at *1 (E.D. Cal. June 9, 2015). Consequently, the Court assumes the Ninth Circuit's so-called "'serious question' approach" also applies to a motion for a stay pending an appeal in the same manner it now applies to preliminary injunctions. *See All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (explaining "the 'serious questions' approach survive[d] *Winter* when applied as part of the four-element *Winter* test"). That is, there is an alternative formulation that will also support the issuance of a stay pending an appeal, even where the movant has not shown it is likely to succeed on the merits of that appeal. It operates as follows: "serious questions going to the merits and a balance of hardships that tips sharply towards the [appellant] can support issuance of a [stay pending appeal], so long as the [appellant] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id*. (internal quotation marks omitted).

The Court's analysis will be brief. The Tribe is required to make a showing under each of the four elements. *Alliance for the Wild Rockies*, 632 F.3d at 1135. The portion of the Tribe's

brief in support of the instant motion that purportedly addresses the likelihood of its success on appeal does nothing of the sort. (ECF No. 20-2 at 5–9.) Rather, it essentially duplicates the portion of its brief in support of its motion for a stay pending appeal in the Related Case. Even in the Related Case, these arguments fall well short of the mark. However, there is a crucial distinction between the instant action and the Related Case — the instant action is an action seeking declaratory relief. (ECF No. 18 at 2.) This makes the deficiencies in the Tribe's submissions on the first element even more egregious when offered in the instant action.

As explained in the July 2017 Order, this Court has "discretion in determining whether and when to entertain an action under the Declaratory Judgment Act." (ECF No. 18 at 2 (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995).) The July 2017 Order was, at bottom, an exercise of that discretion. The portion of the Tribe's opening brief purportedly addressing the first element fails to analyze the substance of the July 2017 Order in any meaningful way. There is no reference to declaratory relief or the Declaratory Judgment Act. There is no acknowledgment of the Court's discretion in this context. There was no attempt to articulate a colorable basis to conclude the Court abused its discretion or that the July 2017 Order contained any legal error.

Instead, the Tribe attempts to address the substance of Court's order in the Related Case ("the Related Case Order") because the July 2017 Order took the Related Case Order into consideration in exercising its discretion. These arguments fail to raise serious questions on the merits of *the appeal in the Related Case*, let alone show a likelihood of success of the *appeal in the Related Case*.[1] It follows *a fortiori* that these arguments are wholly inadequate to make the requisite showing on the instant motion. The Court declines to analyze the remaining factors.

For the foregoing reasons, the Tribe's motion to stay is DENIED.

IT IS SO ORDERED.

Dated: December 8, 2017

Troy L. Nunley
United States District Judge

---

[1] The Court's order denying the Tribe motion's to stay pending appeal in the Related Case addresses this point. There is no need to repeat it here.

3